UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SARA MURRAY,

Plaintiff,

v.

UNITED STATES ATTORNEY'S OFFICE, et al.,

Defendants.

CASE NO. 2:25-cv-00259-LK

ORDER DISMISSING COMPLAINT AND DENYING PENDING MOTIONS

This matter comes before the Court on pro se Plaintiff Sara Murray's Emergency Motion for Reconsideration, Dkt. No. 11, and Motion for ADA Accommodations, Appointment of Counsel. Dkt. No. 9. The Court also reviews Ms. Murray's complaint under 28 U.S.C. § 1915(e)(2)(B). For the reasons described below, the Court denies both motions and dismisses the complaint with leave to amend.

## I. BACKGROUND

Ms. Murray filed this action on February 7, 2025. Dkt. No. 1. On February 18, Judge Tsuchida granted her motion to proceed *in forma pauperis* ("IFP") and in doing so, recommended

that the Court review her complaint under 28 U.S.C. § 1915(e)(2)(B) before issuing summons. Dkt. No. 7.

Ms. Murray alleges that the United States Attorney's Office for the Western District of Washington refused to investigate her criminal complaint regarding an ongoing RICO scheme, thereby obstructing justice and violating her due process rights, and that "[t]heir refusal was based on disability and gender discrimination." Dkt. No. 8 at 4. She also alleges that the United States Attorney's Office failed to reasonably accommodate her disability by not providing "an expert investigator with psychological and trauma expertise to take her statement[.]" *Id.* at 8. Based on these facts, Ms. Murray "brings claims under Title II and Title V of the ADA, Section 504 of the Rehabilitation Act, the Equal Protection and Due Process Clauses of the Fifth Amendment, and federal obstruction of justice statutes." *Id.* at 4. She also brings a claim for negligent infliction of emotional distress. *Id.* at 11.

Along with her complaint, Ms. Murray filed two motions. One is a motion for a temporary restraining order and preliminary injunction. Dkt. No. 4. The second motion seeks accommodations under the Americans with Disabilities Act ("ADA") and court-appointed counsel. Dkt. No. 9. The Court denied Ms. Murray's motion for a temporary restraining order, finding that it did not qualify for emergency treatment under Federal Rule of Civil Procedure 65(b) and that Ms. Murray failed to follow the procedural requirements outlined in Local Civil Rule 65. Dkt. No. 5.

Following that, Ms. Murray moved on an emergency basis for reconsideration. Dkt. No. 11. She seeks reconsideration of the Court's order denying her motion for a temporary restraining order. *Id.* at 1–2. She also seeks reconsideration of the Court's "failure to address her motion for ADA accommodations." *Id.*

## II. DISCUSSION

### A. Ms. Murray's Motion for Reconsideration is Denied

"Motions for reconsideration are disfavored," and the Court "will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 12(h)(1). A movant who seeks reconsideration "shall point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling." LCR 12(h)(2).

1. Ms. Murray's Motion for a Temporary Restraining Order

The Court denied Ms. Murray's motion for a temporary restraining order because it did not qualify for emergency treatment under Federal Rule of Civil Procedure 65(b) or meet the procedural requirements in Local Civil Rule 65. Dkt. No. 5.

Ms. Murray argues that the Court made a mistake by denying her motion for a temporary restraining order based in part on her failure to comply with Local Civil Rule 65's requirement that the motion include a certificate of service and contact information for the opposing party's counsel. Dkt. No. 11 at 4–5; *see also* Dkt. No. 5. Ms. Murray notes that she has not been permitted to serve Defendants as summons have not issued, and so Defendants have not entered an appearance in this case. Dkt. No. 11 at 4–5. She argues the Court should not deny her motion based on a procedural requirement that she cannot currently comply with. *Id.*

The Court does not find that persuasive. As described below, Ms. Murray's motion did not qualify for emergency treatment under Federal Rule of Civil Procedure 65, which is necessary for the Court to issue a temporary restraining order without notice to an adverse party. Because it

failed to qualify for emergency treatment, Ms. Murray had to follow Local Civil Rule 65's procedural requirements for providing notice of the motion to an adverse party, and it was not "legally impossible" for her to do so. Dkt. No. 11 at 5.

        *(a)     Ms. Murray's motion did not meet the requirements for issuing a temporary restraining order without notice to the adverse party*

"Motions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted." LCR 65(b)(1). The Court may issue a temporary restraining order without notice to the adverse party *only if* two conditions are met: (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and (2) the movant "certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Neither of these conditions were met here. The only harm Ms. Murray identified in her motion was that "[e]very day that Plaintiff is denied a criminal investigation, the RICO enterprise continues" and that "ADA violations and denial of due process rights cause immediate and ongoing harm." Dkt. No. 4 at 3. These vague and conclusory allegations do not come close to clearly showing that she would suffer immediate and irreparable harm if the Court does not act before the U.S. Attorney's Office can be heard in opposition. And Ms. Murray did not certify in writing what efforts she made to notify the U.S. Attorney's Office of the motion or why that notice should not be required here.

        *(b) Ms. Murray did not follow Local Civil Rule 65's requirements*

"Unless the requirements of Fed. R. Civ. P. 65(b) for issuance without notice are satisfied"—and they were not here—then "the moving party must serve all motion papers on the opposing party before or contemporaneously with the filing of the motion and include a certificate of service with the motion." LCR 65(b)(1). Ms. Murray did not do that either. And the Court

disagrees that Ms. Murray could not comply with Local Civil Rule 65's service requirements because summons have not issued; she could have served the U.S. Attorney's Office with the temporary restraining order motion even if she does not yet have the signed summonses for original service of the summons and complaint. For those reasons, the Court denied Ms. Murray's motion for a temporary restraining order.

For the same reasons, Ms. Murray's motion for reconsideration is denied. She fails to identify a "manifest error" that the Court committed in denying her motion for a temporary restraining order, and does not otherwise identify relevant new facts or authorities that could not have been included in her original motion for a temporary restraining order that would justify reconsidering it here.

2. Ms. Murray's Motion for ADA Accommodations

The Court also denies Ms. Murray's motion for reconsideration as applied to her motion for ADA accommodations; because the Court has not yet decided that motion, there is nothing to reconsider. *See* Dkt. No. 11 at 1–2. The Court also disagrees that it must first decide Ms. Murray's motion for ADA accommodations before it can consider the motion for a temporary restraining order. That is not what the case Ms. Murray cites requires. *See id*. (citing *Duvall v. County of Kitsap*, 260 F.3d 1124 (9th Cir. 2001)). In any event, the Court has now considered that motion and denies it.

**B. Ms. Murray's Motion for Accommodations and Court-Appointed Counsel is Denied**

The Court denies Ms. Murray's motion for ADA accommodations and for court-appointed counsel. Dkt. No. 9. As a threshold issue, the ADA does not apply to the federal courts. *See* 42 U.S.C. § 12131(1); *Roman v. Jefferson at Hollywood LP*, 495 F. App'x 804, 806 (9th Cir. 2012). The same is true for the Rehabilitation Act, which also does not apply here. 29 U.S.C. § 794(a)–(b); *see also Davis v. Am. Express Prepaid Card Mgmt. Corp.*, No. 1:16-CV-00591-MJS, 2017

WL 1398851, at *2 (E.D. Cal. Apr. 19, 2017) ("[T]he Rehabilitation Act does not apply to the federal courts: it only covers Executive agencies, the United States Postal Service, and certain categories of programs and activities receiving Federal funding.").

In addition, Ms. Murray's request for "[m]odification of procedural requirements that present barriers to [her] meaningful participation" is too vague to inform the Court as to what relief she is seeking or whether such relief is merited under applicable law. Dkt. No. 9 at 3. Nor will the Court grant Ms. Murray advance permission to file unspecified documents under seal as she requests. *Id.* If she wants to file "medical and disability-related evidence" under seal "due to privacy concerns," she must comply with Local Civil Rule 5(g), including its requirement to "file[] a motion or stipulated motion to seal the document before or at the same time [she] files the sealed document." LCR 5(g)(2)(B).

The Court will also not appoint Ms. Murray an attorney at this stage, which she requests as an ADA accommodation. Dkt. No. 9 at 2. Because the ADA does not apply here, it does not entitle her to court-appointed counsel. Furthermore, [u]nlike in criminal cases that implicate the Sixth Amendment right to counsel, civil litigants who cannot afford counsel are not constitutionally guaranteed the appointment of a lawyer." *Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1039 (9th Cir. 2021). The Court has discretion to "request" appointment of counsel for indigent litigants pursuant to 28 U.S.C. § 1915(e)(1) only in "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting 28 U.S.C. § 1915(e)(1) and *Franklin v. Murphy,* 745 F.2d 1221, 1236 (9th Cir. 1984)). The exceptional circumstances inquiry requires the Court to consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate h[er] claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1986).

Neither consideration is dispositive, and the Court must view them together. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Starting with the second factor, Ms. Murray has demonstrated that she is able to file pleadings and motions in this case. The contents of her filings demonstrate a sufficient grasp of the legal issues involved and an ability to articulate the factual bases of her claims. While Ms. Murray may certainly benefit from the assistance of legal counsel, she has not shown significant complexity in this case or an inability to articulate her claims. Turning to the first factor, Ms. Murray is not likely to succeed on the merits. As described in the next section, the Court has reviewed the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismisses it for failure to state a claim. Ms. Murray's request for court-appointed counsel is therefore denied.

**C. Ms. Murray's Complaint Fails to State a Claim**

1. <u>Legal Standard</u>

For plaintiffs proceeding IFP, the Court must dismiss a case if it, at any time, determines that the complaint is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). The standard for determining whether a plaintiff has failed to state a claim under Section 1915(e) is the same as the standard applied under Federal Rule of Civil Procedure 12(b)(6). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

Although the Court construes pro se complaints liberally, see *Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003), those complaints must still meet the basic pleading requirements, and Courts may not supply essential elements of the claim that were not initially

pleaded under the guise of liberal construction. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107–08 (9th Cir. 2000).

2. The ADA and Rehabilitation Act Failure-to-Accommodate Claim Fails

The ADA prohibits disability-based discrimination and requires reasonable accommodations in specific contexts. Title II of the ADA applies requires state and local governments to provide equal opportunities for individuals with disabilities to participate in and benefit from their programs, services, and activities. *See Fortyune v. City of Lomita*, 766 F.3d 1098, 1101 (9th Cir. 2014) (citing 42 U.S.C. § 12132). Although Title II of the ADA covers state and local entities only, the Rehabilitation Act (29 U.S.C. § 794) mirrors the ADA and applies to executive agencies receiving federal funds, which includes the Department of Justice. *See id.*; *Zukle v. Regents of Univ. of California*, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999).

For the Rehabilitation Act to apply in this context, Ms. Murray must be "a qualified individual with a disability" who was denied "a reasonable accommodation that [she] needs in order to enjoy meaningful access to the benefits of public services." *Mark H. v. Hamamoto*, 620 F.3d 1090, 1097 (9th Cir. 2010). Ms. Murray contends that Defendants denied her an "expert investigator with psychological and trauma expertise to take her statement[.]" Dkt. No. 8 at 8. Even assuming without deciding that her requested accommodation was reasonable, Ms. Murray's failure-to-accommodate claim fails for at least two other reasons. First, she alleges that she is disabled but does not explain what her disability is, so she has failed to establish that she is a qualified individual for Rehabilitation Act purposes. Second, although Ms. Murray alleges that her access to the U.S. Attorney's Office is a covered "service," it is not clear what "service" the U.S. Attorney's Office was providing (or not providing) here. If Ms. Murray's claim is aimed at the Office's "service" of investigating crimes, as explained in the next section, she has no right (under the Rehabilitation Act, or otherwise) to force them to exercise a discretionary function.

To the extent any of the other claims are based on this failure-to-accommodate theory—for example, Ms. Murray's negligence claim—those also fail to state a claim.

3. <u>The Gender Discrimination Claim Fails</u>

Ms. Murray asserts in conclusory fashion that she was "denied access to a federal criminal investigation based on gender bias," and that "[s]imilarly situated male victims of organized crime are not routinely ignored when presenting substantial evidence of financial fraud, coercion, and violence." Dkt. No. 8 at 9. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although "detailed factual allegations" are not required, a complaint must include "more than an unadorned, the-defendant-unlawfully -harmed-me accusation." *Id.*; *see also Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1145 (9th Cir. 2021) (conclusory allegations of law and unwarranted inferences will not survive a motion to dismiss). Ms. Murray's equal protection claim is precisely the type of conclusory "the-defendant unlawfully-harmed-me" accusation that *Iqbal* forbids. 556 U.S. at 678. It does not explain how the U.S. Attorney's Office acted with bias, nor does it identify the allegedly substantial evidence Ms. Murray presented or how the Office treated such evidence differentially.

4. <u>Ms. Murray's Causes of Action Arising from the U.S. Attorney's Office "Failure to Investigate" Alleged Crimes Against Her Fail to State a Claim</u>

The complaint's other theory of wrongdoing is not actionable: that the U.S. Attorney's Office for the Western District of Washington failed to open an investigation into "threats and intimidation from the individuals responsible for the RICO crimes against [Ms. Murray]" and "obstructed" her from filing a criminal complaint. Dkt. No. 8 at 6–11. Private parties cannot file

criminal complaints and generally do not have standing to compel the prosecution of another person, and to the extent the relief Ms. Murray seeks is premised on the notion that the U.S. Attorney's Office had a non-discretionary duty to help her, she has not identified a legal basis for such relief. *See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196–97 (1989) ("[T]he Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual"; accordingly, "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause."); *Piechowicz v. United States*, 885 F.2d 1207, 1214 n.9 (4th Cir. 1989) (holding that *DeShaney* "applies equally in a suit against the United States, given the Supreme Court's essentially identical interpretations of the concept under the [Fifth and Fourteenth] [A]mendments"); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Tia v. Crim. Investigation Demanded as Set Forth*, 441 F. App'x 457, 458 (9th Cir. 2011) (a private citizen "lacks standing to compel an investigation or prosecution of another person."); *see also Berkovitz by Berkovitz v. United States*, 486 U.S. 531, 536 (1988) (discussing when the discretionary function exception bars a suit for tortious conduct against the government). Unless Ms. Murray can point to a specific statute that creates a right to compel a criminal investigation—and the ADA and Rehabilitation Act do not—then her claims based on this theory lack a viable legal foundation.

## III. CONCLUSION

For the reasons described above, the Court DISMISSES the complaint and DENIES Ms. Murray's emergency motion for reconsideration, Dkt. No. 11, and motion for ADA accommodations and court-appointed counsel, Dkt. No. 9. The Court grants Ms. Murray leave to amend all claims except her ADA claim, which is dismissed with prejudice.

Should Ms. Murray choose to file an amended complaint, she must do so within 21 days of this Order. Her amended complaint must provide a short and plain statement of the factual basis of each of her claims as required by Federal Rule of Civil Procedure 8. A timely filed amended complaint operates as a complete substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). For that reason, any amended complaint must clearly identify the defendant(s), the claim(s) asserted, the specific facts that Ms. Murray believes support each claim, as well as the specific relief requested.[1]

If Ms. Murray fails to file an amended complaint by April 1, 2025, the Court will instruct the Clerk to close this case.

Dated this 11th day of March, 2025.

Lauren King
United States District Judge

[1] Materials to assist pro se litigants are available on the United States District Court for the Western District of Washington's website, including a Pro Se Guide to Filing Your Lawsuit in Federal Court (https://www.wawd.uscourts.gov/representing-yourself-pro-se). Despite the leeway afforded to them, pro se litigants must comply with case deadlines, the Federal Rules of Civil Procedure, and the Western District of Washington's Local Rules, which can also be found on the Western District of Washington's website.