UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SARA MURRAY,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES ATTORNEY'S OFFICE, et al.,<br><br>　　　　　　　　Defendants. | CASE NO. 2:25-cv-00259-LK<br><br>ORDER DENYING MOTION TO RECUSE |

　　　　This matter comes before the Court on pro se Plaintiff Sara Murray's Emergency Motion for Reconsideration, Disqualification of Judge King, and Vacatur of Dismissal Order. Dkt. No. 13. Having considered the motion and the remainder of the record, the undersigned judge declines to recuse herself from this case and directs the Clerk to refer the Motion to Chief Judge Estudillo in accordance with Local Civil Rule 3(f).[1]

　　　　Ms. Murray argues that 28 U.S.C. § 455(a) requires that the undersigned judge "disqualify herself" because Ms. Murray has named the undersigned as a defendant in another pending case:

---

[1] The Court will rule on the requests for reconsideration and vacatur after the motion for voluntary recusal has been resolved.

ORDER DENYING MOTION TO RECUSE - 1

*Murray v. Whitehead et al.*, No. 2:25-cv-00312-SAB (W.D. Wash.). Dkt. No. 13 at 6. Ms. Murray argues that "[a] judge cannot rule in a case involving herself as a defendant" and the undersigned's "continued rulings violate due process and require immediate disqualification." *Id.*

Under this District's Local Civil Rules, when a motion to recuse is filed pursuant to 28 U.S.C. § 455, "the challenged judge will review the motion papers and decide whether to recuse voluntarily." LCR 3(f). If the challenged judge decides not to recuse, "he or she will direct the clerk to refer the motion to the chief judge, or the chief judge's designee." *Id*. The substantive standard for recusal under 28 U.S.C. § 455 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008). "The reasonable person is not someone who is hypersensitive or unduly suspicious, but rather is a well-informed, thoughtful observer." *Id.* (cleaned up). Section 455 "does not provide a vehicle for parties to shop among judges" after the presiding judge has issued an unfavorable ruling. *Little Rock Sch. Dist. v. Pulaski Cnty. Special Sch. Dist. No. 1*, 839 F.2d 1296, 1302 (8th Cir. 1988).

Ms. Murray's motion fails to meet the above standard. First, the undersigned is not currently a named defendant in *Murray v. Whitehead et al.*, No. 2:25-cv-00312-SAB (W.D. Wash.). The complaint names Judge Whitehead and the United States District Court for the Western District of Washington, 25-cv-00312, Dkt. No. 1 at 2, and although Ms. Murray has moved for leave to amend her complaint to add the undersigned (among other judges in this District) to the complaint, leave has not yet been granted. *See* 25-cv-00312, Dkt. Nos. 8, 8-1. Second, the undersigned is not "rul[ing] in a case involving herself as a defendant," Dkt. No. 13 at 6, because she is not a named defendant in this case, and is not the presiding judge in *Murray v. Whitehead et al.*

ORDER DENYING MOTION TO RECUSE - 2

1    Those basic errors aside, Ms. Murray's motion also fails because "[a] judge is not
2  disqualified by a litigant's suit or threatened suit against him [in the context of] a litigant's
3  intemperate and scurrilous attacks[.]" *United States v. Sutcliffe*, 505 F.3d 944, 958 (9th Cir. 2007);
4  *see also Royer v. Pennsylvania State Univ.*, No. 03:00-CV-290-KRG-KAP, 2012 WL 956422, at
5  *1 (W.D. Pa. Feb. 28, 2012) ("A party cannot manufacture grounds for recusal by fantastic
6  allegations, by vague accusations or by alleging in conclusory terms that a judge is biased, by filing
7  an ethics complaint against a judge, or even by suing a judge." (internal citation omitted)), *report*
8  *and recommendation adopted,* 2012 WL 954710 (W.D. Pa. Mar. 20, 2012). This is especially true
9  where the lawsuit against the judge is based on that judge's prior adverse rulings against the
10 litigant. *See* Guide to Judiciary Policy, Vol. 2: Ethics and Judicial Conduct, Pt. B: Ethics Advisory
11 Opinions, Published Advisory Opinion No. 103, at 190 ("Automatic disqualification of a judge
12 cannot be obtained by the simple act of suing the judge, particularly where the suit is primarily
13 based on the judge's prior judicial rulings"), https://www.uscourts.gov/sites/default/files/guide-
14 vol02b-ch02.pdf; *see also, e.g.*, *Liteky v. United States*, 510 U.S. 540, 555 (1994) ("judicial rulings
15 alone almost never constitute a valid basis for a bias or partiality motion"); *Marquez-Perez v.*
16 *Nevada*, No. 2:22-CV-00796-GMN-DJA, 2023 WL 7301444, at *4 (D. Nev. Oct. 3, 2023)
17 (similar, collecting cases and authorities)That is the situation here. Ms. Murray first obtained an
18 adverse ruling in this litigation, then moved to amend her complaint in *Murray v. Whitehead et al.*
19 to add the undersigned judge as a named defendant because she "[i]ssued an adverse ruling denying
20 Plaintiff's TRO without first engaging in the required ADA process," No. 25-cv-00312-SAB, Dkt.
21 No. 8-1 at 9 (W.D. Wash. Mar. 11, 2025), and then filed this motion seeking the undersigned
22 judge's recusal. To grant Ms. Murray's motion would encourage "ever expansive suits against
23 judges where the judge in the present proceeding is added to the next lawsuit for spite purposes,
24 and so on and so on." *Mellow v. Sacramento Cnty.*, No. CIV S-08-0027 MCE GGH PS, 2008 WL

ORDER DENYING MOTION TO RECUSE - 3

2169447, at *2 (E.D. Cal. May 23, 2008), *report and recommendation adopted*, 2008 WL 3976873 (E.D. Cal. Aug. 21, 2008), *aff'd*, 365 F. App'x 57 (9th Cir. 2010); *see also id.* at *3 ("[W]here the allegations [against the judge] are so palpably lacking in merit and integrity, the judge may, and should, remain in the case to deal with the spiteful plaintiff.").

    Because there is no basis to find that the undersigned judge's impartiality might reasonably be questioned or to find that there is an appearance of bias in this case, and because none of the other conditions for recusal laid out in 28 U.S.C. § 455 are met, the undersigned judge declines to recuse herself from this case. The undersigned judge DIRECTS the Clerk to refer the Motion to Chief Judge Estudillo in accordance with Local Civil Rule 3(f).

Dated this 18th day of March, 2025.

*Lauren King*
Lauren King
United States District Judge