UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SARA MURRAY,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES ATTORNEY'S OFFICE et al.,<br><br>　　　　　　Defendants. | CASE NO. 2:25-cv-00259-LK<br><br>ORDER ON DENIAL OF MOTION TO RECUSE |

This matter has been referred to the undersigned to review Chief Judge David G. Estudillo's March 31, 2025, decision not to recuse himself from reviewing Judge Lauren King's denial of Plaintiff Sara Murray's motion seeking Judge King's recusal from this matter. ("Estudillo Order"). Dkt. No. 17. Having reviewed the Estudillo Order; Plaintiff's Emergency Notice of Judicial Entrenchment, Retaliatory Obstructions and Unconstitutional Precedent Setting (Dkt. No. 18); and the relevant record, the Court AFFIRMS Chief Judge Estudillo's order denying the motion to recuse.

## I. BACKGROUND

On March 11, 2025, Plaintiff filed a motion captioned as an "Emergency Motion for Reconsideration, Disqualification of Judge King, and Vacatur of Dismissal Order." Dkt. No. 13. On March 18, 2025, Judge King denied Plaintiff's motion and declined to recuse herself from the case ("King Order"). Dkt. No. 14. Pursuant to Local Civil Rule ("LCR") 3(f), which governs recusals, the King Order was referred to Chief Judge Estudillo for review. While the King Order was still pending before Chief Judge Estudillo, on March 19, 2025, Plaintiff filed a "Motion to Strike and Objection to [the King Order], Reassignment to Chief Judge Estudillo, and Preservation Of Rights." Dkt. No. 16. On March 31, 2025, Chief Judge Estudillo affirmed the King Order. Dkt. No. 17 at 4. Chief Judge Estudillo also addressed Plaintiff's March 19 motion by declining to recuse himself, and he referred that portion of the Estudillo Order—*i.e.*, his decision not to recuse himself from reviewing the King Order—to the undersigned for review under Local Civil Rule 3(f). *Id.* at 5.

## II. LEGAL STANDARD

Local Civil Rule 3(f) requires a challenged judge to review motions for recusal filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, and to determine whether to recuse voluntarily. Under the Rule, if the challenged judge declines to recuse voluntarily, the judge must direct the court clerk to refer the motion to the chief judge for review. LCR 3(f). If the motion is directed *at* the chief judge, or if the chief judge (or their designee) is unavailable, the clerk must refer the motion to the active judge with the highest seniority. *Id.*

28 U.S.C. § 455(a) provides that judges of the United States "shall disqualify [themselves] in any proceeding in which [their] impartiality might reasonably be questioned." The statute further provides that judges must recuse "[w]here [they have] a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the

1  proceeding." 28 U.S.C. § 455(b)(1). Similarly, 28 U.S.C. § 144 requires recusal when "a party to
2  any proceeding in a district court makes and files a timely and sufficient affidavit that the judge
3  before whom the matter is pending has a personal bias or prejudice either against [them] or in
4  favor of any adverse party." The standard for recusal under both statutes is the same: "[w]hether
5  a reasonable person with knowledge of all the facts would conclude that the judge's impartiality
6  might reasonably be questioned." *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012)
7  (internal citation omitted). "The alleged prejudice must result from an extrajudicial source; a
8  judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783
9  F.2d 934, 939 (9th Cir. 1986) (internal citation omitted); *see also Liteky v. United States*, 510
10 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or
11 partiality recusal motion.") (internal citation omitted).

### III.  DISCUSSION

Pursuant to Local Civil Rule 3(f), this matter is before this Court on Chief Judge Estudillo's referral to the undersigned of the portion of the Estudillo Order regarding his recusal. The motion was directed at Chief Judge Estudillo, and the undersigned is the active judge with the highest seniority in the Western District of Washington. *See* Dkt. No. 17, Dkt. No. 18 at 5; LCR 3(f).

Plaintiff makes several arguments in seeking Chief Judge Estudillo's recusal. Plaintiff asserts that Chief Judge Estudillo has a direct conflict of interest because he was a named defendant in *Murray v. Whitehead*, No. C25-312 (W.D. Wash.). Dkt. No. 16 at 3. But as pleaded, Chief Judge Estudillo was not actually a named defendant in that case. On March 18, 2025, Plaintiff filed a twice-amended complaint (*i.e.*, a second amended complaint, or "SAC") in the

*Whitehead* case.[1] SAC, No. C25-312 (W.D. Wash. Mar. 18, 2025), Dkt. No. 13 at 11. The SAC became the operative complaint, because "an amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (citations omitted). The SAC named only Judge Jamal Whitehead and the Administrative Office of the United States District Court for the Western District of Washington as defendants. Therefore, Chief Judge Estudillo was not a named defendant in the *Whitehead* case.

The Court notes, however, that in Plaintiff's proposed First Amended Complaint ("FAC") in *Murray v. Whitehead*, Plaintiff alleged that "in Plaintiff's related case,"[2] she included Chief Judge Estudillo as a defendant and alleged that he "permitted an adverse ruling in the case, and has not initiated the ADA interactive process." Prop. FAC, *Murray v. Whitehead*, No. C25-312 (W.D. Wash. Mar. 11, 2025), Dkt. No. 8-1 at 9. The Court assumes that it is the proposed FAC to which Plaintiff refers in her papers where she described Chief Judge Estudillo as a defendant. *See* Dkt. No. 16 at 3.

---

[1] The labeling of Plaintiff's pleadings in *Murray v. Whitehead* is somewhat confusing, because Plaintiff filed three documents in that case—a proposed complaint, a proposed amended complaint, and a complaint—but labeled them, respectively, as "Complaint," "First Amended Complaint," and—again—"Complaint." On January 30, 2025, Plaintiff filed a proposed complaint. Prop. Compl., *Murray v. Whitehead*, No. C25-312 (W.D. Wash. Jan. 30, 2025), Dkt. No. 1. On February 18, 2025, Plaintiff filed a motion to proceed *in forma pauperis* ("IFP"). *Id.*, Dkt. No. 2. On March 11, 2025, prior to the Court's ruling on Plaintiff's IFP application, and therefore prior to the conversion of her *proposed* complaint into an *operative* complaint, Plaintiff filed a motion for leave to file an amended complaint, along with a proposed amended complaint. *Id.*, Dkt. Nos. 8, 8-1. On March 18, 2025, the Court granted Plaintiff's motion to proceed IFP. *Id.*, Dkt. No. 9. But by the time Plaintiff's motion to file her amended complaint was granted, she had filed yet another amended complaint on March 18, 2025, which then became the controlling complaint in the case. *Compare id.*, Dkt. No. 13 (complaint), *with id.*, Dkt. No. 8-1 (first amended complaint). Thus, by the time the judge in that case, the Honorable Stanley A. Bastian, dismissed the case on March 27, 2025, Plaintiff had filed a proposed complaint, a first amended complaint, and another amended complaint. In his order dismissing the case, Judge Bastian referred to the complaint filed on March 18, 2025, as a "First Amended Complaint." *See id.*, Dkt. No. 15, at 1. But irrespective of how one labels Docket No. 13—as a FAC, per Judge Bastian, or a SAC, per this Court—the salient point here is that it did not name Chief Judge Estudillo as a defendant.

[2] The related case is not identified in the FAC. However, from Plaintiff's Notice of Related Cases, it appears the case is *Murray v. Supreme Court of Washington et al.*, Case No. C25-5074 (W.D. Wash.). *See* Dkt. No. 14-1 at 16.

ORDER ON DENIAL OF MOTION TO RECUSE - 4

1   Plaintiff's arguments for Chief Judge Estudillo's recusal fail for two reasons. First, while
2   the undersigned understands that Plaintiff does not agree with Chief Judge Estudillo's prior
3   rulings, "a judge's prior adverse ruling is not sufficient cause for recusal." *Studley*, 783 F.2d at
4   939. The basis for recusal generally requires something other than judicial rulings. As the United
5   States Supreme Court has stated, "judicial rulings alone almost never constitute a valid basis for
6   a bias or partiality [recusal] motion." *Liteky*, 510 U.S. at 555 (internal citation omitted); *accord*
7   *United States v. Holland*, 519 F.3d 909, 913–14 (9th Cir. 2008). "Almost invariably," judicial
8   rulings are a basis for appeal, not recusal. *Liteky*, 510 U.S. at 555.

9   Second, the *Whitehead* case has been dismissed as frivolous. *Murray v. Whitehead*, No.
10  C25-312, 2025 WL 949409, at *2 (W.D. Wash. Mar. 27, 2025). On February 21, 2025, that case
11  was referred to the Honorable Stanley A. Bastian, United States District Judge for the Eastern
12  District of Washington (*i.e.*, a judge sitting outside of this District). *See* Minute Order, *Murray v.*
13  *Whitehead*, No. C25-312 (W.D. Wash. Feb. 21, 2025), Dkt. No. 5. Judge Bastian dismissed the
14  *Whitehead* complaint as "a frivolous claim that lacks an arguable basis in law or fact." *Murray v.*
15  *Whitehead*, 2025 WL 949409, at *2. As Chief Judge Estudillo explained in the Estudillo Order,
16  "a nonmeritorious complaint, standing alone, will not lead reasonable minds to conclude that the
17  judge is biased against the litigant or that the judge's impartiality can reasonably be questioned,
18  and thus will not require the judge to recuse." Dkt. No. 17 at 3 (quoting Guide to Judiciary
19  Policy, Vol. 2: Ethics and Judicial Conduct, Pt. B: Ethics Advisory Opinions, Published
20  Advisory Opinion No. 103, at 193, https://www.uscourts.gov/sites/default/files/guide-vol02b-
21  ch02.pdf). Therefore, even if Chief Judge Estudillo had been a defendant in the *Whitehead* case,
22  Judge Bastian's finding that the complaint was frivolous—*i.e.*, nonmeritorious—would preclude
23  Chief Judge Estudillo's purported role as a defendant there from providing grounds for his
24  recusal here.

ORDER ON DENIAL OF MOTION TO RECUSE - 5

Plaintiff also raises the point that Chief Judge Estudillo is an appellee in her appeal of *Murray v. Whitehead* to the Ninth Circuit (*see* Dkt. No. 18 at 3), as well as a respondent in a mandamus action that she filed in the United States Supreme Court (*id.* at 2). The bases for the appeal and the mandamus action stem from the same factual allegations made in *Murray v. Whitehead*. As such, the same rationale applies to these arguments.

Therefore, the undersigned FINDS that Plaintiff's naming Chief Judge Estudillo as: (1) a defendant in an inoperative proposed complaint in *Murray v. Whitehead et al.*; (2) an appellant in the appeal of that case; and (3) a respondent in her mandamus action at the United States Supreme Court, does not create a conflict that would bar Chief Judge Estudillo from reviewing Judge King's recusal order under Local Civil Rule 3(f).

Finally, Plaintiff claims Chief Judge Estudillo's bias is demonstrated by his failure to adjudicate her *in forma pauperis* ("IFP") motion, his "denial of ADA accommodations," and his "refusal to stop inhuman treatment of a disabled survivor and her children." Dkt. No. 18 at 8. This argument is unavailing. The IFP motion is actually pending before Chief United States Magistrate Judge Theresa L. Fricke —not Chief Judge Estudillo—pursuant to this District's General Order No. 12-24,[3] under which all motions and applications to proceed IFP are referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636.[4] Moreover, as discussed above, the Supreme Court has rejected claims like Plaintiff's that allege bias based on a judge's denial

---

[3] On February 19, 2025, General Order No. 12-24 was modified by General Order No. 05-25, but the amendment did not change the automatic referral process for IFP applications.

[4] A court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) (*i.e.* with an application to proceed *in forma pauperis*) to mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Plaintiff's IFP motion is on hold while her proposed complaint undergoes this mandatory review. *See Murray v. Supreme Ct. of Wash.*, No. C25-5074 (W.D. Wash. Mar. 7, 2025), Dkt. No. 5.

ORDER ON DENIAL OF MOTION TO RECUSE - 6

of a party's requests. *See Liteky*, 510 U.S. at 555 ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality recusal motion.") (internal citation omitted).

## IV. CONCLUSION

Having considered Plaintiff's arguments in support of recusal and finding them without merit, this Court AFFIRMS Chief Judge Estudillo's order denying Plaintiff's motion seeking his recusal.

Dated this 8th day of April 2025.

Tana Lin
United States District Judge