UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SARA MURRAY,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>UNITED STATES ATTORNEY'S OFFICE, et al.,<br><br>　　　　　　　Defendants. | CASE NO. 2:25-cv-00259-LK<br><br>ORDER DENYING PENDING MOTIONS AND DISMISSING CASE |

　　　This matter comes before the Court on pro se Plaintiff Sara Murray's Emergency Motion for Reconsideration, Disqualification of Judge King, and Vacatur of Dismissal Order, Dkt. No. 13, and Emergency Motion to Strike and Objection to Doc. #14, Reassignment to Judge Estudillo, and Preservation of Rights, Dkt. No. 16.[1]

---

[1] The Court addressed Ms. Murray's request to disqualify the undersigned (which is part of the relief sought in docket number 13) in a separate order, so does not address it here. *See* Dkt. No. 14. That motion has now been fully resolved. Dkt. Nos. 17, 19.

ORDER DENYING PENDING MOTIONS AND DISMISSING CASE - 1

# I. DISCUSSION

**A.  Ms. Murray's Emergency Motion for Reconsideration and Vacatur is Denied (Dkt. No. 13)**

1. <u>Legal Standard</u>

"Motions for reconsideration are disfavored," and the Court "will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 12(h)(1). A movant who seeks reconsideration "shall point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling." LCR 12(h)(2).

2. <u>Ms. Murray's Motion Fails to Identify Any Legal Error or Other Basis for Reconsideration</u>

Ms. Murray's motion for reconsideration argues that the Court committed a variety of legal errors when it dismissed the complaint and denied the pending motions. Dkt. No. 13 at 1. For clarity's sake, the Court addresses each in turn.

Ms. Murray first argues that the Court committed legal error by "ignor[ing] the applicability of the Rehabilitation Act, which expressly covers federal entities," including "federal courts[.]" *Id.* at 2–3. Ms. Murray cites *Lane v. Pena*, 518 U.S. 187 (1996) for that proposition. *Id.* at 3. But *Lane* dealt with a disability discrimination claim against the U.S. Merchant Marine Academy, which falls under the Department of Transportation—an executive branch agency. *Lane*, 518 U.S. at 189–90. The Supreme Court's analysis focused on whether the federal government (through an executive branch agency) could be liable for monetary damages under Section 504(a) of the Rehabilitation Act, which states that no qualified individual with a disability shall be excluded from participation in, denied benefits of, or subjected to discrimination "under

any program or activity conducted by any Executive agency or by the United States Postal Service." *Id.* at 191. In other words, *Lane* has nothing to do with the federal courts and certainly does not extend the scope of the Rehabilitation Act to cover the federal courts.

Ms. Murray next argues that the Court misapplied *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189 (1989). Dkt. No. 13 at 4. She argues that "[t]he Court's reliance on *DeShaney* fundamentally misstates the legal issue at hand," without identifying what that legal issue might be. *Id.* First, *DeShaney* was one of several cases the Court cited for the proposition that Ms. Murray cannot state a cause of action based on the U.S. Attorney's Office declining to investigate and prosecute alleged crimes against her. Dkt. No. 12 at 9–10. Pointing to one case (of many) and simply asserting that the Court misapplied it and misstated the relevant legal issue—without explaining how the Court misapplied that case and what the relevant legal issue is—falls well short of showing that the Court committed a legal error. And the cases Ms. Murray cites in support (Dkt. No. 13 at 4) appear unrelated the Court's holding that she has no cause of action based on her desire to compel the U.S. Attorney's Office to investigate and prosecute alleged crimes against her.

Third, Ms. Murray argues that under "*Duvall v. Kitsap County*, 260 F.3d 1124 (9th Cir. 2001), courts are required to engage in an interactive process before ruling on cases involving disabled litigants," and that this Court erred by dismissing her complaint and denying her request to file certain documents under seal before engaging in that interactive process with her. Dkt. No. 13 at 4–5. Again, *Duvall* has nothing to do with the federal courts; it dealt with the application of Title II of the ADA to a local government entity (Kitsap County) and its responsibilities for ensuring accessibility in a state courthouse. *Duvall*, 260 F.3d at 1129–33. It does not address or expand the ADA's reach to the federal government or federal judiciary. And in any case, as to Ms. Murray's request to file certain documents under seal, the Court only held that Ms. Murray needs

to follow the applicable procedural rules, which she had not. Dkt. No. 12 at 6. The Court cannot assess whether a document may be properly sealed without seeing what it is.

Fourth, Ms. Murray argues that she cannot amend her complaint without first receiving the ADA accommodations she seeks. Dkt. No. 13 at 5–6. At the threshold, the Court cannot meaningfully evaluate this claim because Ms. Murray does not explain what accommodations she seeks and why she cannot file an amended complaint without them. That is particularly true here, because Ms. Murray has so far shown no difficulty engaging in the judicial process without accommodations. It stretches the imagination to believe that Ms. Murray is capable of filing a variety of pleadings and motions in this case and across several others pending in this district despite being deprived "ADA accommodations" or "interactive process" but cannot file an amended complaint here. *See* Dkt. No. 13-1 at 3.

Finally, the Court has addressed Ms. Murray's claim that the undersigned has a conflict of interest and should disqualify herself in a separate order. Dkt. No. 14.

Because Ms. Murray has not identified any legal error (or any other error) with the Court's order dismissing the complaint and denying pending motions, it denies Ms. Murray's motion for reconsideration and request for vacatur. Dkt. No. 13.

**B.    Ms. Murray's Emergency Motion to Strike and Objection to Doc. #14 is Denied (Dkt. No. 16)**

Ms. Murray also moves to strike certain portions of the Court's order at docket number 14 pursuant to Federal Rule of Civil Procedure 12(f). That rule allows a court to "strike *from a pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). A court order is not a pleading, so Rule 12(f) does not apply. Ms. Murray's motion to strike is therefore denied.

Her motion also objects to the "reassignment" of this matter to Chief Judge Estudillo based

ORDER DENYING PENDING MOTIONS AND DISMISSING CASE - 4

on many of the same conflict of interest and bias arguments the undersigned has already rejected in a separate order. Dkt. No. 16 at 2–4; *see also* Dkt. No. 14. Even so, the Court did not reassign the case to Chief Judge Estudillo, but instead followed Local Civil Rule 3(f)'s instruction to "direct the clerk to refer the motion [to recuse] to the chief judge," which is required "[i]f the challenged judge decides not to voluntarily recuse," as happened here. And for the same reasons the undersigned did not voluntarily recuse herself, the Court will not reassign this case to another judge. Dkt. No. 16 at 4.

**C.    Because Ms. Murray Failed to Timely Amend Her Complaint, This Action is Dismissed**

Finally, the Court's order dismissing Ms. Murray's complaint provided her until April 1, 2025 to file an amended complaint. Dkt. No. 12 at 11. Ms. Murray has not done so, and as a result, the Court dismisses this action.

## II.    CONCLUSION

For the reasons stated above, the Court DENIES Ms. Murray's Emergency Motion for Reconsideration, Disqualification of Judge King, and Vacatur of Dismissal Order, Dkt. No. 13, and DENIES her Emergency Motion to Strike and Objection to Doc. #14, Reassignment to Judge Estudillo, and Preservation of Rights, Dkt. No. 16. The Clerk is DIRECTED to terminate this action.

Dated this 8th day of April, 2025.

*Lauren King*
Lauren King
United States District Judge